## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed April 12, 1899.

JOHN R. BEALE
VS.
LAURA G. OWINGS ET AL.

*Charles E. Hill* for plaintiff.

*Thomas C. Weeks* and *Jesse N. Bowen* for defendants.

STOCKBRIDGE, J.—

This case has been presented to the Court upon two entirely different theories by the counsel for the respective parties, the defendant regarding it as a bill for the specific performance of an agreement, and the plaintiff as a proceeding to enable him to be subrogated to the rights of the North Bond Street Permanent Building and Savings Society No. 1, to the extent of the amount paid by him upon a mortgage from the defendant, Laura G. Owings, to that Building Society, together with certain taxes and ground rents paid by him upon the same property as that covered by the mortgage, the several amounts aggregating the sum of $631.27.

With regard to the first proposition, it is sufficient to say that the plaintiff frankly concedes that if this were to be regarded in the light of a bill for specific performance that the case has not been made out to an extent to warrant him in asking for a decree.

Upon the question of the right of the plaintiff to be subrogated to the rights of the building society the case is not as clear. Under the doctrine invoked, as it was originally laid down in such cases as Hollingsworth vs. Floyd, 2 H. & G. 87, and Swan vs. Patterson, 7 Md. 170, there could have been no such relief granted. The plaintiff was under no obligation to have paid the indebtedness; he did not pay in fact but a part of it, and his position in law was therefore that of a volunteer, in whose behalf equity would not intervene, for when these cases were decided the Courts were firm in the position that the right of subrogation could never arise from contract, nor from a part payment merely.

Later cases, however, have departed from the earlier rule, and the right of substitution has been extended for the benefit of those who are under no obligation whatever to pay the debt, and in the case of Robertson vs. Mowell, 66 Md. 538, the extreme limit seems to have been reached where the right of subrogation is allowed in behalf of Mrs. Davis, based apparently from the italicizing in the opinion, upon the fact of a *full understanding and agreement* between her and her brother, that when she had paid the whole mortgage debt, as she proposed to do, *she was to have the mortgage assigned to her as her security.*

Following this rule, which is as broad as that adopted anywhere, if the evidence in this case shows that at the time that Mr. Beale made these payments to the Building Society, and for taxes and ground rent, it was with a clear understanding between him and his sister, Mrs. Owings, that for such sums as he might pay, he was to receive from her a mortgage upon her property on Washington street, or an assignment of the existing mortgage to the Society, he is entitled to be substituted to the rights of the Building Society, as mortgagee, to the extent of the advances actually made by him.

The plaintiff testifies positively to such an agreement, and the defendant as positively denies it, and in her denial she is supported as far as he goes, by her husband. Certain promissory notes from Mrs. Owings to the plaintiff are produced, all payable on demand, and which are supposed to

represent all or nearly all of these various advances by the plaintiff, but there is nothing upon any of them to suggest the nature of the agreement under which they were given, or the payments of the money for which they were given, were made.

At the time when these payments commenced, and during the period when most of them were made, the estate of the mother of the parties was in process of administration, and the real agreement of the parties as gathered from the whole testimony, and the acts of the parties, seems to have been about as follows: Mrs. Owings had difficulty in keeping up her payments in the Building Society and other charges upon the house, and applied to her brother to assist her, the understanding being that when a settlement of the estate of their mother was reached, in due course of time, that the advances of the plaintiff were to be repaid to him out of the share or interest of the defendant in said estate.

The promissory notes given and the acts of the parties are all entirely consistent with this view. But when the final settlement of the estate was reached, instead of there being any money coming to the defendant out of which the plaintiff could be paid, by reason of the purchase of certain property belonging to the estate of the defendant, Mrs. Owings was indebted to the estate. This was a condition that had not been forseen by either of the parties, and the plaintiff then, perhaps not unnaturally, finding that there was no money coming to the defendant with which he could be repaid, and being desirous of securing as far as possible the repayment of the advances which .he had made, filed this bill, asking that he be substituted to the rights of the original mortgagee of the Washington street property.

Now, it is manifest that the repayment of certain advances out of the interest of a child in her deceased parent's estate is a vastly different thing from the securing of them, by a mortgage or the assignment of a mortgage upon the separate property of that child; and in order to enter a decree for the plaintiff in this case the Court would first have to make an agree- ment for the parties other than that which it appears to the Court that the parties made for themselves, and then the Court having made such agreement for them would have to proceed to carry out its agreement, not theirs, in substituting or subrogating the plaintiff to the rights of the Building Society as mortgagee. For the Court to go to this length no precedent was cited, nor is any to be found, and its adoption would be fraught with so many mischievous possibilities that this Court will not assume any such responsibilities.

For the reasons indicated the bill will be dismissed with costs.